## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

DANIEL CLEMENT                                   CIVIL ACTION

VERSUS                                           NO. 15-854-BAJ-EWD

MAYOR KIP HOLDEN, ET AL.


### RULING AND ORDER ON UNOPPOSED MOTION TO STAY PROCEEDINGS

Before the Court is a Motion to Stay Proceedings filed by Mayor Kip Holden, Chief Carl Dabadie, the Baton Rouge Police Department, Officer Joshua Kirst, Officer Brandon Blackwell, and The City of Baton Rouge/Parish of East Baton Rouge (collectively "Defendants"), pending the resolution of the related criminal proceeding currently pending against Plaintiff in state court.[1] Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f).  More than 21 days have passed since the filing of the Motion and Plaintiff has not filed an opposition as of the date of this Order.  The Motion is therefore unopposed.

For the reasons set forth herein, Defendants' Motion to Stay is **GRANTED** and this matter is **STAYED** until resolution of the related criminal proceeding pending in state court.  It is further **ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil case for administrative and statistical purposes, pending further order from this Court.

### I.  Procedural History

The Plaintiff claims that on December 22, 2014, while attending a Christmas party at The Varsity Theater in Baton Rouge, officers from the Baton Rouge Police Department ("BRPD")

---

[1] R. Doc. 14.  As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof.  *See, Boyd v. Occidental Fire & Casualty Co. of North Carolina*, 2011 WL 4062383, at *1 n.1 (M.D. La. Sept. 13, 2011).

JURY

responded to a call to assist paramedics who reported being blocked by crowds from reaching a patient inside The Varsity Theater.[2]  Plaintiff asserts that he was outside The Varsity Theater when the officers arrived and turned on his cell phone to record interactions with the BRPD.  Plaintiff asserts that when he began recording, a BRPD officer grabbed him by the neck and threw him violently onto the concrete, slamming Plaintiff's head into a metal handrail.[3]  Plaintiff claims he was subsequently handcuffed and swarmed by two BRPD officers who told him to get on his stomach.  Plaintiff asserts that he cooperated with the officers and repeatedly told them "I'm not fighting."[4]  Plaintiff claims video surveillance shows that he was shoved, choked, and kicked while lying handcuffed on the ground and repeatedly stating in a calm manner that he was not fighting.[5]  Plaintiff was arrested and charged with Entry/Remaining after being Forbidden, Battery on a Police Officer, Disturbing the Peace, and Resisting an Officer.[6]

According to Defendants, the State of Louisiana filed a Bill of Information on August 6, 2015, formally charging Plaintiff with Entry/Remaining after being Forbidden and Disturbing the Peace.[7]

On December 22, 2015, Plaintiff filed a Complaint in this Court against the Defendants, seeking monetary damages under 42 U.S.C. § 1983 based on his alleged false arrest and the arresting officers' use of excessive force in violation of his rights under both the United States and Louisiana Constitutions, along with various state law claims.[8]

On June 27, 2016, Defendants filed the instant Motion to Stay Proceedings, seeking to stay the federal court proceeding pending the outcome of Plaintiff's criminal trial under *Heck v.*

---

[2] R. Doc. 1 at 3-4.
[3] *Id*. at 4.
[4] *Id*.
[5] *Id*. at 5.
[6] R. Doc. 14-1 at 1.
[7] *Id.* at 1-2.  Defendants did not provide a copy of the Bill of Information.
[8] R. Doc. 1.

*Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).[9]  According to the Defendants, at the time they filed the Motion, the criminal matter was set for a hearing on August 17, 2016 in the case entitled *State of Louisiana v. Daniel Jacob Clement*, Case No. 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, filed in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.[10]  Defendants argue that this proceeding should be stayed because substantive discovery cannot be conducted in this matter without interfering with the pending state prosecution of the Plaintiff.  Defendants point out that the Fifth Circuit has recognized a qualified privilege protecting investigative files in an ongoing criminal investigation.[11]  Defendants also assert that federal courts can observe state policies supporting a privilege when weighing the government's interest in confidentiality, such as La. R.S. 44:3, which prohibits disclosure of "records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled."  La. R.S. 44:3.

Defendants further assert that a stay is necessary due to the potential for dismissal of Plaintiff's § 1983 claim if a judgment in the Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence.  *See Heck*, 512 U.S. at 487, 114 S.Ct. at 2372.  Defendants assert that premature development of this case could result in findings that contradict the validity of any conviction on the Plaintiff's pending criminal charges and that the Court should stay the proceedings in this § 1983 case until the pending criminal case has run its course.  *See Wallace*, 549 U.S. at 393-94, 127 S.Ct. at 1098.  Because the Plaintiff has asserted claims for false arrest and excessive force which are related to rulings that will be made in his criminal trial, Defendants

---

[9] R. Doc. 14.

[10] R. Doc. 14-1 at 2.  Nothing has been filed into the record regarding the outcome of the August 17, 2016 hearing.

[11] *Id*. (citing *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991)).

assert that allowing this case to proceed could interfere with the State's prosecution and may raise some unnecessary conflicts with the relevant law.  Thus, Defendants request that this matter be stayed while the criminal proceedings are pending against the Plaintiff.

## II.  Law and Analysis

In *Heck v. Humphrey*, the Supreme Court held that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court further held, "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id*.  Thus, "A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citing *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994)). Further, "[T]he *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges."  *Collier v. Roberts*, 2013 WL 5671154, at *2 (M.D. La. Oct. 15, 2013) (citing *Wallace v. Kato*, 549 U.S. 384, 393-94, 127 S.Ct. 1091, 1097-98 (2007)).  In *Wallace*, the Supreme Court held:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

549 U.S. at 393-94, 127 S.Ct. at 1098.  The Supreme Court further held that, "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."  *Heck*, 549 U.S.

at 394, 127 S.Ct. at 1098 (citing *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S. at 487, 114 S.Ct. 2364).

In the instant case, there are two charges pending against Plaintiff in state court arising out of the December 22, 2014 incident-Entry/Remaining after being Forbidden and Disturbing the Peace.[12]   Because Plaintiff filed a false arrest claim before any conviction on the underlying criminal charges, the Court finds that a stay of this action is appropriate pending the resolution of Plaintiff's criminal charges in state court pursuant to *Wallace*.  "[F]ederal courts are authorized to stay civil rights claims attacking the legality of a plaintiff's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded."  *Iberia Texaco Food Mart, LLC v. Ackal*, 2013 WL 166396, at *2 (W.D. La. Jan. 14, 2013) (citing *Wallace*, 549 U.S. at 393-94; 127 S.Ct. at 1098).  "In accordance with that authorization, district courts within the Fifth Circuit . . . have routinely stayed civil rights actions when criminal charges remain pending."  *Iberia*, 2013 WL 166396 at *3.[13]

A stay of this matter is also appropriate due to Plaintiff's pending claim regarding the arresting officers' alleged use of excessive force.[14]  The Fifth Circuit has held that although *Heck* applies to § 1983 excessive force claims, "the determination of whether such claims are barred is analytical and fact-intensive, requiring us to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction."  *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (citation omitted).  The Court finds that Plaintiff's pending charges of Entry/Remaining

---

[12] R. Doc. 14-1 at 1-2.
[13] *See Pellerin v. Neustrom*, 2011 WL 6749019 (W.D. La. Dec. 22, 2011); *Hood v. Smith*, 2011 WL378786, at *3–4 (E.D. La. Jan. 11, 2011); *Quinn v. Guerrero*, 2010 WL 412901, at *2 (E .D. Tex. Jan. 28, 2010); *Fox v. Campbell*, 2009 WL 1076809 (E.D. Tex. Apr. 21, 2009); *Holt v. Jefferson Parish Sheriff's Office*, 2007 WL 4114357, at *5–6 (E.D. La. Nov. 16, 2007); *Profit v. Ouachita Parish*, 2010 WL 1643800 (W.D. La. Apr. 21, 2010); *Caldwell v. Lambert*, 2010 WL 3036488 (W.D. La. Aug. 2, 2010); *Brown v. Hill*, 2010 WL 1734721 (W.D. La. Apr. 28, 2010).
[14] *See* R. Doc. 1.

after being Forbidden and Disturbing the Peace "are of a type and character that a conviction on these charges may bar this § 1983 action." *See Collier v. Roberts*, 2013 WL 5671154, at *2 (M.D. La. Oct. 15, 2013).   Although *Collier* involved a plaintiff with pending criminal charges of resisting an officer and battery of a police officer, this Court finds the circumstances of the instant case analogous to those in *Collier* and require a similar result.   Like in *Collier*, the question whether the officers applied reasonable force in arresting Plaintiff depends in part on the degree of his resistance, which could undermine Plaintiff's convictions for Entry/Remaining after being Forbidden and Disturbing the Peace.   Like in *Collier*, if Plaintiff is convicted of either charge, the conviction might prohibit recovery with respect to his false arrest and excessive force claims because the conviction could imply that the Defendants' use of force was reasonable under the circumstances.[15]   As such, the Court finds that a stay of all proceedings is warranted in this case until the underlying criminal case is resolved.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' unopposed Motion to Stay Proceedings[16] is **GRANTED**, and this action is **STAYED** in its entirety until the criminal proceedings against Plaintiff are completed, subject to the following condition: within thirty (30) days of the date the state court criminal proceedings have concluded, Plaintiff shall file a motion asking this Court to lift the stay.   The action will proceed at that time, absent some other bar to suit.   *See Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).

---

[15] Although Plaintiff alleges other federal claims that may remain pending under *Heck* after the adjudication of Plaintiff's underlying criminal charges, the Court finds that in the interest of judicial efficiency, a stay is appropriate in this matter so that all of the claims can proceed together.

[16] R. Doc. 14.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** the above-captioned civil

case for administrative and statistical purposes, pending further order from this Court.

Signed in Baton Rouge, Louisiana, on September 15, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**